IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER LEE WILLINGHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-82-JAR |
| | ) |
| SHERIFF KEVIN CLARDY, in his official | ) JURY TRIAL DEMANDED |
| capacity; and ALICIA MANNING, | ) |
| in her individual capacity, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT SHERIFF KEVIN CLARDY'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Sheriff Kevin Clardy, in his official capacity ("Clardy") for his Answer to Plaintiff's First Amended Complaint [Dkt. 29], alleges and states as follows:

Any of Plaintiff's assertions or allegations not specifically admitted, denied or otherwise addressed in this Answer are denied by Clardy and strict proof thereof is demanded.[1]

**PARTIES**

A.  **Plaintiff Christopher Lee Willingham.**

1.  Clardy is without sufficient information or knowledge to form a belief as to the veracity of the allegations set forth in ¶1 of Plaintiff's First Amended Complaint.

B.  **Defendant Sheriff Kevin Clardy.**

2.  Clardy objects to ¶B. 2 of Plaintiff's First Amended Complaint because it violates Fed. R. Civ. P. 10(b). Without waiting any objections, Clardy admits generally all of the allegations in ¶B. 2 of Plaintiff's First Amended Complaint.

---

[1] The denials of Plaintiffs' factual assertions herein are based upon the best information available to the undersigned at the time of filing and are reasonably based on belief or lack of information.

C.     **Defendant Alicia Manning.**

    3.     Denied as phrased.

    4.     Clardy admits that Defendant Manning is sued in her individual capacity. Clardy is without sufficient information or knowledge to form a belief as to the truth of all the allegations in ¶4 of Plaintiff's First Amended Complaint as phrased.

## JURISDICTION AND VENUE

    5.     Clardy admits that Plaintiff's federal claims are brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, but denies the validity of such claims.

    6.     Plaintiff's statement of law in ¶6 of Plaintiff's First Amended Complaint is not directed towards Clardy and does not require a response.

    7.     Clardy admits the allegations in ¶7 of Plaintiff's First Amended Complaint except that the Plaintiff has stated a cause of action.

## BACKGROUND

    8-9.   Clardy objects to ¶¶8-9 of Plaintiff's Amended Complaint because it violates Fed. R. Civ. P. 10(b). Without waiving and subject to these objections, ¶¶8-9 of Plaintiff's Amended Complaint contains no allegations of fact, and requires no response by Clardy.[2]

A.  **Willingham Investigates and Reports on Malfeasance at the MCSO for the McCurtain Gazette.**

    10-20. Clardy objects to ¶¶10-20 of Plaintiff's Amended Complaint because it violates Fed. R. Civ. P. 10(b). Without waiving and subject to these objections, Clardy is without sufficient

---

[2] Plaintiff's paragraphs following the subtitles throughout his Complaint violate Rule 10(b) of the Federal Rules of Civil Procedure in that the claims therein do not appear in numbered paragraphs. In order to make its Answer easier to compare with the contents of the Complaint, Clardy has not numbered its responses/answer to those unnumbered paragraphs and has repeated the subtitles contained in the Complaint. Clardy denies the subtitles inasmuch as the subtitles may contain allegations.

information or knowledge to form a belief as to the truth of all of the statements and allegations made and denies the same as phrased.

### B. Manning Retaliates Against Willingham for Articles He Wrote on Behalf of the McCurtain Gazette Covering the MCSO's Misconduct.

21-26.   Clardy is without sufficient information or knowledge to form a belief as to the truth of all the allegations contained in ¶¶21-26 of Plaintiff's First Amended Complaint in that they are directed towards the Co-Defendant and does not require a response by Clardy but to the extent a response is required, the allegations are denied.

### C. Clardy Not Only Fails to Prevent Manning's Retaliation Against and Harassment of Willingham—But Directly Encourages and Contributes to Such Unlawful Conduct.

27-31.   The allegations in ¶¶27-31 are denied.

32.   Clardy objects to ¶32 of Plaintiff's First Amended Complaint because it violates Fed. R. Civ. P. 10(b).  Clardy is without sufficient information or knowledge to form a belief as to the veracity of all allegations and assertions set forth in ¶32 of Plaintiff's First Amended Complaint.

33.   The allegations and assertions set forth in ¶33 of Plaintiff's First Amended Complaint are denied as phrased.

### COUNT I: FIRST AMENDMENT CLAIM – RETALIATION
(**Defendant Manning**)

34.   Numerical ¶34 of Plaintiff's First Amended Complaint contains no allegations of fact, and requires no response by Clardy.

35-39. Plaintiff's First Amended Complaint largely contains legal arguments and conclusions not directed towards Clardy and he does not respond to the same.  However, to the extent that the allegations do pertain to Clardy, he denies the same.

### COUNT II: SUPERVISORY LIABILITY CLAIM
(**Defendant Clardy**)

40. Numerical ¶40 of Plaintiff's First Amended Complaint contains no allegations of fact, and requires no response by Clardy.

41. Numerical ¶41 of Plaintiff's First Amended Complaint largely contain arguments and conclusions to which Clardy is not required to respond and does not so respond. Clardy is without sufficient information or knowledge to form a belief as to the remaining allegations in ¶41 of Plaintiff's First Amended Complaint and denies the same as phrased.

42. Numerical ¶42 of Plaintiff's First Amended Complaint largely contain arguments and conclusions to which Clardy is not required to respond and does not so respond. Clardy denies all the remaining allegations contained therein as they may relate to him.

43. Clardy denies all allegations and assertions as set forth in ¶43 of Plaintiff's First Amended Complaint as phrased.

44. Clardy objects to numerical ¶44 of Plaintiff's First Amended Complaint because it violates Fed. R. Civ. P. 10(b). Clardy denies all allegations and assertions as set forth in ¶44.

45. Clardy objects to numerical ¶45 of Plaintiff's First Amended Complaint because it violates Fed. R. Civ. P. 10(b). Clardy denies all allegations and assertions as set forth in ¶45.

46. Clardy objects to numerical ¶46 of Plaintiff's First Amended Complaint because it violates Fed. R. Civ. P. 10(b). Clardy denies all allegations and assertions as set forth in ¶46.

### COUNT III: SLANDER
(**Defendant Manning**)

47. Numerical ¶47 of Plaintiff's First Amended Complaint contains no allegations of fact, and requires no response by Clardy.

48-53. Numerical ¶¶48-53 of Plaintiff's First Amended Complaint largely contains legal arguments and conclusions to which Clardy is not required to respond and does not so respond. Clardy denies all the remaining allegations contained therein as they may relate to him.

## COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Defendant Manning)

54. Numerical ¶54 of Plaintiff's First Amended Complaint contains no allegations of fact, and requires no response by Clardy.

55-58. Numerical ¶¶55-58 of Plaintiff's First Amended Complaint largely contains legal arguments and conclusions not directed towards Clardy and he is not required to respond and does not so respond. Clardy denies all the remaining allegations contained therein as they may relate to him.

## RELIEF REQUESTED

59. Numerical ¶59 of Plaintiff's First Amended Complaint contains no allegations of fact, and requires no response by Clardy.

60. Denied.

61-62. Clardy denies that Plaintiff is entitled to any of the relief requested in numerical ¶¶61-62 of Plaintiff's First Amended Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendant Clardy, in his official capacity ("Clardy"), for his defenses and affirmative defenses to Plaintiff's claims, allege and state:[3]

1. Plaintiff has failed to state a claim for any constitutional violation by Clardy.

---

[3] All the defenses asserted herein are based upon the best information available to the undersigned at the time of filing and either have evidentiary support or are reasonably believed to likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

2. Plaintiff has failed to state a claim for any remedies under 42 U.S.C. §1983.

3. Clardy, in his official capacity as Sheriff of McCurtain County, cannot be held liable for any federal constitutional violation resulting from acts of agents, servants or appointees or employees under the doctrine of *respondeat* superior or vicarious liability.

4. Clardy, in his official capacity, has not executed or implemented any policy or procedure which can be found in any ordinance, regulation, policy, statement or decision officially adopted by Clardy, or found in any pattern or persistent practices known to and approved by Clardy that would be considered unconstitutional or which would cause any alleged violation of Plaintiff's constitutional rights.

5. Plaintiff has failed to set forth any allegation which would create a material issue of fact as to the requisite, culpable state of mind of deliberate indifference on behalf of Clardy.

6. Clardy's actions or inactions were not the direct or proximate cause of Plaintiff's alleged injuries or damages.

7. Clardy is not liable for actions or omissions committed by an employee or official which are outside the scope of the employee or official's employment.

8. Any injuries or damages alleged by Plaintiff for alleged injuries to Plaintiff were the result of a third-party over whom Clardy had no authority or control.

9. Any liability of Clardy, in his official capacity, is several from liability of any other Defendant pursuant to Oklahoma law.

10. There was no underlying constitutional violation committed by any employee or official of McCurtain County that would impose liability on Clardy.

11. Clardy was not deliberately indifferent to Mr. Willingham's alleged deprivation of his constitutional rights.

12. Clardy did not breach any legal duty to Mr. Willingham.

13. Clardy did not personally participate in any of the alleged actions or inactions which may have caused Mr. Willingham's alleged injuries and/or damages.

14. The actions of Clardy were reasonable under the facts and circumstances known to Clardy.

15. The actions of officials or employees of McCurtain County were reasonable under the facts and circumstances known to the employees and/or officials.

16. Any injuries or damages suffered by Plaintiff, if any, were the result of his own actions or inactions and not the result of any actions or inactions of Clardy.

17. Any injuries or damages suffered by Plaintiff, if any, were the result of actions or inactions of one or more third parties over which Clardy had no authority or control.

18. Clardy is entitled to settlement credit or an off-set regarding any settlement with any other party in this case pursuant to 12 O.S. § 832(H), other state law and/or federal statutory or common law.

19. Clardy, in his official capacity, is not subject to a finding of punitive damages.

20. Potential damages against Clardy are limited and/or capped under Oklahoma law.

21. Clardy properly and adequately trained and supervised his staff.

22. Any state tort laws claim alleged by the Plaintiff is barred by the Oklahoma Governmental Tort Claims Act.

23. Plaintiff's wife is not a proper party to claim any damages in this lawsuit.

24. Clardy reserves the right to add additional defenses as they become known through the course of this litigation.

WHEREFORE, having fully answered Plaintiff's' First Amended Complaint, Defendant Clardy respectfully requests this matter be adjudicated in his favor and that he be dismissed with costs, attorney's fees and any other relief the law or equity allows.

Respectfully submitted,

s/ Howard T. Morrow
Howard T. Morrow, OBA No. 32650
COLLINS ZORN & WAGNER, P.L.L.C.
429 N.E. 50th Street, Second Floor
Oklahoma City, OK  73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
E-mail: htm@czwlaw.com

*Attorney for Defendants Sheriff Kevin Clardy, in his official capacity; and Alicia Manning, in her individual capacity*

# CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Cole B. Ramey
Karly Stoehr Rodine
Christin J. Jones
Maeghan E. Whitehead
KILPATRICK TOWNSEND & STOCKTON, LLP
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
*Attorneys for Plaintiff*

s/ Howard T. Morrow
Howard T. Morrow