# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTOPHER LEE WILLINGHAM, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:23-cv-00082-RAW-JAR |
| SHERIFF KEVIN CLARDY, in his official capacity, and ALICIA MANNING, in her individual capacity, | § § § § § | |
| Defendants. | § § | |

## PLAINTIFF'S MOTION FOR CONTINUANCE OF DEADLINES AND ENTRY OF AMENDED SCHEDULING ORDER

Plaintiff Christopher Lee Willingham hereby files this Motion for Continuance of Deadlines and Entry of Amended Scheduling Order. In support of the same, Willingham respectfully shows the Court as follows:

A scheduling order may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4); *see also Kernen v. Casillas Operating, LLC*, No. CIV-18-00107-JD, 2020 WL 12787581, at *4 (W.D. Okla. May 4, 2020) (*quoting Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)). "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed." *Kernen*, 2020 WL 12787581 at *4 (citation omitted). Factors the district court may consider include: (1) "the relevant diligence of the lawyer . . . who seek[s] the change"; (2) whether "the need for more time was neither foreseeable nor [the movant's] fault"; (3) whether "refusing to grant the continuance would create a substantial risk of unfairness to that party"; and

1

(4) the "possible prejudice to the party opposing the modification." *Id.* (*citing Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019)).

Under the current Scheduling Order, the following deadlines remain outstanding:

1. <u>July 1, 2024</u>: Plaintiff Expert Reports
2. <u>July 23, 2024</u>: Defendant Expert Reports
3. <u>August 12, 2024</u>: Rebuttal Expert Reports
4. <u>August 16, 2024</u>: Exchange and File Final Witness List and Exhibit List
5. <u>September 20, 2024</u>: Discovery Completed
6. <u>October 4, 2024</u>: All Dispositive Motions Filed
7. <u>November 1, 2024</u>: Motions in Limine Filed
8. <u>January 6, 2025</u>: Deposition Designations
9. <u>January 13, 2025</u>: Counter-Designations and objections thereto
10. <u>January 20, 2025</u>: Objections to Counter-Designations
11. <u>January 27, 2025</u>: Transcripts Annotated with Objections shall be delivered to the Court
12. <u>January 31, 2025</u>: Exchange All Trial Exhibits including Demonstrative Exhibits and Requested Jury Instructions
13. <u>February 14, 2025</u>: Agreed Pretrial Order Submitted
14. <u>February 14, 2025</u>: Agreed Jury Instructions and Proposed Voir Dire, Proposed Findings of Fact and Conclusions of Law (Non-Jury), Disputed Jury Instructions (Included in Trial Brief) and Trial Briefs Filed
15. <u>February 27, 2025</u>: PRETRIAL CONFERENCE AT 2:00 p.m.
16. <u>March 24, 2025</u>: TRIAL DATE at 9:30 a.m.

Contemporaneously herewith, Willingham filed a Motion for Leave to file a Second Amended Complaint to include additional allegations and claims, along with a new defendant. Willingham requests a six-month (or 180-day) continuance of the trial setting and all deadlines in the Court's Second Amended Scheduling Order [Dkt. 85], the proposal of which is attached hereto as **Exhibit 1**, to allow the parties sufficient time to fully discover and litigate these new factual allegations and causes of action in the proposed Second Amended Complaint.

Willingham requests a trial setting in September 2025, or as soon thereafter as the Court has availability for a now anticipated seven-day trial setting. This Motion for Continuance should be granted because it will provide the necessary time for (1) Defendants to appear and answer, (2) additional discovery to be conducted on the new factual allegations and causes of action, (3) experts to be identified and retained, and (4) trial preparation on the claims raised in the Original and First Amended Complaint, as well as the proposed Second Amended Complaint.

Moreover, discovery is ongoing and—despite the Defendants' representations of having no responsive documents in discovery—an independent forensic examiner identified *thousands* of responsive documents, some of which remain in the possession of Defendants' counsel pending privilege review. Further, Willingham is aware of additional other devices and accounts that Defendants failed to disclose or failed to provide access to the forensic examiner, which will likely require additional motions practice and Court intervention to resolve. Therefore, the upcoming deadlines, including expert reports, final witness and exhibit lists and completion of discovery, cannot feasibly be completed by the current deadlines in the scheduling order, regardless of whether Plaintiff's Motion for Leave to file a Second Amended Complaint is granted.

With respect to the Rule 16 factors stated in *Tesone*, (1) Willingham's counsel has promptly requested this continuance of deadlines following discovery of new tortious conduct by Clardy and Griswold; (2) the need for more time was not foreseeable, and was not caused by any act of Willingham but instead by the recent conduct of Clardy and Griswold; (3) refusing to grant the continuance would create a substantial risk of unfairness to Willingham by depriving him of the ability prosecute these new causes of action against Clardy and Griswold; and (4) as noted above, no prejudice will result to Clardy or Griswold because the continuance will afford them time to conduct discovery and litigate these new causes of action. Because each of the factors considered

under Rule 16 weigh in favor of modifying the scheduling order by continuing the scheduling order deadlines listed above, good cause exists for granting this Motion.

## IV.  **PRAYER**

For the foregoing reasons, Plaintiff Christopher Lee Willingham respectfully requests that his Motion for Continuance of Scheduling Order Deadlines, be granted, and the Court enter the proposed Third Amended Scheduling Order which is attached hereto as Exhibit 1.

Dated: June 27, 2024                By:   /s/ *Christin J. Jones*
Cole B. Ramey, Esq.
Christin J. Jones, Esq. (OK Bar No. 32314)
Karly Stoehr Rodine, Esq. (OK Bar No. 30466)
Maeghan E. Whitehead, Esq.
John D. Robinson, Esq.
**KILPATRICK TOWNSEND & STOCKTON LLP**
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Telephone: (214) 922-7100
Facsimile: (214) 922-7101
Email:   cramey@ktslaw.com
             cjones@ktslaw.com
             krodine@ktslaw.com
             mewhitehead@ktslaw.com
             john.robinson@ktslaw.com

*Attorneys for Plaintiff Christopher Lee Willingham*

**CERTIFICATE OF CONFERENCE**

Counsel Christin Jones certifies that she conferred with Defendants' counsel on June 24-26, 2024. The parties could not reach agreement on this Motion and it is therefore presented to the Court for resolution.

/s/ <em>Christin J. Jones</em>  
Christin J. Jones

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing has been served upon counsel all of record for Defendants via ECF on this 27th day of June, 2024.

/s/ <em>Christin J. Jones</em>  
Christin J. Jones