# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER LEE WILLINGHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-82-RAW-JAR |
| | ) |
| SHERIFF KEVIN CLARDY, in his official | ) JURY TRIAL DEMANDED |
| capacity, and ALICIA MANNING, in her | ) |
| individual capacity, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT SHERIFF KEVIN CLARDY, IN HIS OFFICIAL CAPACITY'S, RESPONSE TO PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT

COMES NOW the Defendant Sheriff Kevin Clardy, in his official capacity ("Clardy"), and files his Response to Plaintiff's Motion to file his Second Amended Complaint [Dkt. 105]. In support of his response, Defendant Clardy would show the Court as follows:

1. Plaintiff filed a Complaint in this Action on March 6, 2023 (Dkt. 2), and shortly thereafter filed a First Amended Complaint. (Dkt. 29).

2. The First Amended Complaint included claims of Slander, Intentional Infliction of Emotional Distress, and First Amendment Retaliation against Defendant Alicia Manning based on a private conversations Manning had with another law enforcement officer named Lori-Chipps Bray on June 18, 2022, as well as a supervisory liability claim against Defendant Clardy, in his official capacity, based on the same conversation from June of 2022. (Dkt. 29).

3. A Scheduling Order was issued on July 31, 2023, setting a deadline to amend the pleadings by August 31, 2023. (Dkt. 43).

4. An Amended Scheduling Order was issued on October 17, 2023, but that did not change the deadline to amend pleadings, which had already passed. (Dkt. 60).

5. A Second Amended Scheduling Order was issued on March 11, 2024, but that too did not change the deadline to amend pleadings, which had already passed. (Dkt. 85).

6. The parties have engaged in extensive discovery in this matter already, and taken three depositions of Lori Chipps-Bray, Plaintiff's father Bruce Willingham, and Plaintiff's wife Angie Willingham. Plaintiff's deposition is tentatively scheduled for August 23, 2024.

7. On June 27, 2024, almost ten months late, Plaintiff filed a Motion to Amend his pleadings and file a Second Amended Complaint. (Dkt. 105). This Court has ordered the Defendants to file an expedited Response on or before July 3, 2024. (Dkt. 107).

8. Plaintiff's proposed Second Amended Complaint does not contain any new causes of action against Defendant Clardy, in his official capacity. Rather, it seeks to bring new Slander and Intentional Infliction of Emotional distress claims against Defendant Manning based on alleged conversations that occurred on or about May 11, 2024 and shortly thereafter. Moreover, it seeks to bring a Slander and Intentional Infliction of Emotional Distress claim for that May 11, 2024 conversation and subsequent alleged republishing against two new parties, Defendant Clardy, in his individual capacity, and Joshua Griswold. These alleged conversations concern claims made by Joshua Griswold to law enforcement regarding the alleged conduct of Ian Highful and Plaintiff Chris Willingham around 2008, and subsequent press releases and Facebook posts regarding Griswold's statements.

9. The undersigned does not represent any of the parties that Plaintiff seeks to add new claims against. Regardless, Defendant Clardy, in his official capacity, objects to Plaintiff's Motion to File a Second Amended Complaint.

## I. ARGUMENT AND AUTHORITY

A party may amend its pleadings only once as a matter of course. (Fed. R. Civ. P. 15(a)(1)). Plaintiff has already done so once in this case, when he filed his First Amended Complaint on May 11, 2023. (Dkt. 29). In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. (Fed. R. Civ. P. 15(a)(2)).

Courts will properly deny a motion to amend when it appears that the Plaintiff is using Rule 15 to make the complaint "a moving target," *Viernow v. Euripides Dev. Corp.,* 157 F.3d 785, 800 (10th Cir.1998); *see also Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). "It is unreasonable to expect the Court or the defendants continually to have to adapt as the plaintiff develops new theories or locates new defendants." *Burke v. New Mexico*, 2018 WL 2134030, at *4 (D.N.M. May 9, 2018), *report and recommendation adopted,* 2018 WL 3054674 (D.N.M. June 20, 2018)(unpublished case, attached as Exhibit 1)

Additionally, refusing leave to amend is justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Shifrin v. Toll*, 483 F. App'x 446, 450 (10th Cir. 2012).

> A court should deny leave to amend under rule 15(a) where the proposed "amendment would be futile." *Jefferson Cty. Sch. Dist. v. Moody's Investor's Serv.,* 175 F.3d 848, 859 (10th Cir. 1999). See *In re Thornburg Mortg., Inc. Sec. Litig.*, 265 F.R.D. at 579-80. An amendment is "futile" if the pleading "as amended, would be subject to dismissal*." In re Thornburg Mortg., Inc. Sec. Litig.*, 265 F.R.D. at 579-80 (citing *TV Commc'ns Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992)). A court may also deny leave to amend "upon a

3

showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, [or] failure to cure deficiencies by amendments previously allowed."

*Lucero v. Bd. of Directors of Jemez Mountains Coop., Inc.*, 495 F. Supp. 3d 1135, 1165 (D.N.M. 2020).

Moreover, since the deadline to amend pleadings has already passed herein, the standard to allow Plaintiff to Amend his pleadings is even higher than it would otherwise be under Rule 15(a). "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

> Where, as here, a motion to amend the pleadings ... is filed after the scheduling order deadline, a "two-step analysis" is required. Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has a "good cause" for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a).... Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

*Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000); *see also Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n. 4(10th Cir. 2006)

Rule 16's good cause requirement is "the threshold inquiry" to determine "whether amendments should be allowed after a scheduling order deadline has passed." *Kernen v. Casillas Operating, LLC*, 2020 WL 12787581, at *4 (W.D. Okla. May 4, 2020)(unpublished case, attached as Exhibit 2).

> Rule 16's good cause requirement is "the threshold inquiry" to determine "whether amendments should be allowed after a scheduling order deadline has passed." *Gorsuch*, 771 F.3d at 1241. The district court has "considerable discretion in determining what kind of showing satisfies" the good cause standard under Rule 16(b)(4). *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (quoting 3 James Wm. Moore, Moore's Fed. Prac. – Civ. § 16.14[1][b] (3d. ed. 2019)). Factors the district court may consider include: (1) "the relevant diligence of the lawyer ... who seek[s] the change"; (2) whether "the need for more time was neither foreseeable nor [the movant's] fault"; (3) whether "refusing to grant the continuance would create a substantial risk of unfairness to that party"; and (4) the "possible prejudice to the party opposing the modification." *Id.* (citations and quotations omitted).

*Kernen v. Casillas Operating, LLC*, 2020 WL 12787581, at *4 (W.D. Okla. May 4, 2020).

Here, Defendant Clardy maintains that Plaintiff has not shown "good case" under Rule 16(b), as is required given the current posture of the case, OR the more lenient requirements under Rule 15(a).

Rather, Defendant Clardy, in his official capacity, respectfully maintains that Plaintiff is making this lawsuit a "moving target." As discussed in Defendant Manning's Response to Plaintiff's Motion to Amend, it is Plaintiff who sought to take the deposition of Joshua Griswold, who had not been named on any witness or exhibit list. Joshua Griswold's subsequent statements to law enforcement, while under the threat of having to give a deposition in this case, led to Plaintiff now wanting to amend his Complaint to bring claims against him too, as well as several law enforcement officials. Plaintiff attempts to do so almost *ten* months after the deadline passed to amend his pleadings. Defendant Clardy respectfully requests that this is the very definition of a moving target. Plaintiff's Motion to Amend should be denied on this basis.

Moreover, Plaintiff's request to amend this case unduly prejudices the Sheriff, in his official capacity. Significant litigation has already taken place in this case, and no new claims are asserted against Defendant Clardy, in his official capacity in the proposed Second Amended Complaint. Nevertheless, Defendant Clardy, in his official capacity, will now have to be

5

associated with new claims based on totally separate conduct occurring two years after the incidents at issue in the original and Amended Complaint, which could potentially taint him in front of the jury. There will be a new Sheriff as of January 2025, when this case goes to trial, and the new Sheriff in his official capacity will clearly be prejudiced by being associated at trial with alleged conduct of which he is not a named party. Moreover, Defendant Sheriff, in his official capacity, will now have to retake the deposition of several witnesses that have already been deposed, to question them on issues surrounding any new claims made in the lawsuit. This too prejudices Defendant Sheriff, in his official capacity.

Moreover, as discussed above, Plaintiff's Motion is futile, as the claims as amended would be subject to dismissal. While the new claims are not brought against the undersigned's client, Defendant Manning's Response lays out the reasons why she believes all such claims would be futile, and the undersigned respectfully requests that this Court consider Defendant Manning's argument therein.

Additionally, to be frank, the allegations proposed against Defendants Manning, Griswold, and Clardy, in his individual capacity, stem from an entirely different time period, an entirely different set of facts, and an entirely different set of conversations than the original allegations made concerning Alicia Manning's conversations with Lori-Chipps Bray in 2022. Joshua Griswold was not even mentioned in Plaintiff's Complaint or Amended Complaint, and any allegations surrounding him should not be part of this lawsuit. Certainly, Defendant Sheriff, in his official capacity, should not be in the same lawsuit as these allegations.

For all of the above reasons, Defendant Clardy, in his official capacity, respectfully requests that Plaintiff's Motion for Leave to File a Second Amended Complaint should be denied.

WHEREFORE, Defendant Clardy, in his official capacity, respectfully requests that Plaintiff's Motion for Leave to File a Second Amended Complaint should be denied.

Respectfully submitted,

s/ Jordan L. Miller
Howard T. Morrow, OBA No. 32650
Jordan L. Miller, OBA No. 30892
COLLINS ZORN & WAGNER, P.L.L.C.
429 N.E. 50th Street, Second Floor
Oklahoma City, OK  73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
E-mail:  htm@czwlaw.com
jlm@czwlaw.com

***Attorneys for Defendant Sheriff Kevin Clardy, in his official capacity***

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Cole B. Ramey
Karly Stoehr Rodine
Christin J. Jones
Maeghan E. Whitehead
John Robinson
KILPATRICK TOWNSEND & STOCKTON, LLP
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
cramey@ktslaw.com
krodine@ktslaw.com
cjones@ktslaw.com
mewhitehead@ktslaw.com
john.robinson@ktslaw.com
***Attorneys for Plaintiff***

Scott B. Wood, email at: okcoplaw@aol.com
WOOD, PUHL & WOOD, PLLC
4037 E. 49th Street
Tulsa, OK 74135
*Attorney for Defendant Alicia Manning*

                                                                         s/ Jordan L. Miller
                                                                         Jordan L. Miller