IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER LEE WILLINGHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-82-RAW-JAR |
| | ) |
| SHERIFF KEVIN CLARY, in his official capacity, and ALICIA MANNING, in her individual capacity, | ) ) ) |
| | ) |
| Defendants. | ) |

## DEFENDANT ALICIA MANNING'S RESPONSE TO THE PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT

COMES NOW the Defendant, Alicia Manning, in her individual capacity, and files her response to Plaintiff's Motion for leave to file his Second Amended Complaint [Dkt. 105]. In support of her response, the Defendant would show the Court as follows:

### I. Factual Background

This is a case sounding in defamation and First Amendment retaliation. Defendant Kevin Clardy ("Sheriff Clardy") has been the elected Sheriff of McCurtain County since 2016. Defendant Alicia Manning ("Captain Manning") was a McCurtain County Deputy starting in 2018, then became the Captain over investigations dealing with sex crimes and domestic abuse cases in 2021 and was acting in that role at the time of the incident giving rise to this lawsuit.

On or about June 18, 2022, Captain Manning had a telephone conversation with Lori Bray ("Bray"), a Choctaw County Investigator who had previously worked as an investigator at MCSO. During the conversation, the two investigators talked about several different cases each was aware of. One case was an investigation of an individual named Ian Highful ("Highful"). Highful was initially investigated in 2017 for Abetting a minor in a drug crime and Furnishing alcohol to a

person under 21. The case was filed against Highful on October 17, 2017. But as the case progressed more and more victims came forward, this time with allegations of sexual conduct with teenaged boys. Therefore, the McCurtain County District Attorney, Mark Matloff dismissed the case on April 27, 2018, so that investigations could be thoroughly done on the new allegations. Eventually, on October 6, 2022, the District Attorney filed a new case charging Highful with the crimes of Aggravated possession of child pornography, four counts of Child sexual exploitation, and one count of Indecent Exhibitions. In June of 2023, Highful pled guilty to six individual counts of crimes against children; all counts are eighty-five percent crimes carrying a minimum 25-year sentence. Captain Manning told Bray in their telephone call on June 18, 2022, that "Chris" had been associated with Highful, and two other sex criminals, Brad Porton and Bryan Nicholson, at some time in the past, and that he was "one of them." Ms. Bray recorded the phone call with Captain Manning. Later she sent the portion of the recording referenced above to Chris Willingham ("Plaintiff") who subsequently published it in the McCurtain County Gazette newspaper. The communication between Captain Manning and Bray formed the basis for Plaintiff's claims against Captain Manning and Sheriff Clardy in his official capacity in Plaintiff's Amended Complaint in this lawsuit. [Dkt. 29, Plaintiff's Amended Complaint]. Captain Manning maintains her communication to Bray was privileged under the doctrine of "law enforcement qualified privilege."

Depositions in this case started this past February of 2024. In April of 2024, Defendants received a notice of deposition from Plaintiff for someone Defendants did not know and had never heard of, namely, Farley Josh Griswold ("Griswold"). Apparently, the first notice and subpoena were never served, as a second amended notice was filed on April 23, 2024, [Dkt. 97] setting the

deposition for May 14, 2024. Before this time, Plaintiff had never listed or endorsed Griswold as a witness in any pleading.

A few days later, Griswold went to the McCurtain County Sheriff's Office to met with OSBI Agent Sonny Stewart ("Agent Stewart") and gave a statement to him regarding events that had occurred right after he had graduated from high school and was renting a room from Ian Highful. The statement Griswold gave to Agent Stewart implicated Plaintiff and identified him as an associate of Highful.

On or about May 11, 2024, Captain Manning received a phone call from Ms. Griswold stating that her husband was having a mental breakdown over the stress he was now under. Captain Manning and Sheriff Clardy, in performance of their duties, responded to Griswold's home to check on his well-being. While there Griswold made additional statements about Highful and the Plaintiff and their activities he was aware of. The Plaintiff seeks leave of court to file his Second Amended Complaint seeking to add Griswold as a defendant as a result of the May 11, 2024, communication. [*see* Dkt. 105-3, ¶¶ 36, 61-66, 79-82, Plaintiff's proposed Second Amended Complaint].

A recording of the encounter was sent to the undersigned. After listening to the recording, the undersigned felt he had a duty to disclose the recording to the Plaintiff without delay. On the morning of May 13, 2024, the undersigned emailed the recording to Plaintiff's counsel. Within a few hours, Plaintiff's counsel advised by email that the deposition of Griswold scheduled for the next day was canceled.

On May 15, 2024, Griswold and his wife came to the Sheriff's Office to inquire about getting a protective order. Griswold spoke with Deputy Larry Hendrix who then prepared a report. The next day, May 16, 2024, Griswold returned to the Sheriff's Office to review the paperwork

3

for his protective order before seeing a Judge at 2:00 p.m. However, Griswold changed his mind stating he was afraid Plaintiff would retaliate against him.

On May 17, 2024, the Sheriff's Office received a call from Griswold's wife who reported someone had tried to burn up their vehicle. Captain Manning, Lt. Brian Sears, and Investigator Ian Wilkinson responded to a location in a rural part of the County. At the scene, both Griswold and his wife expressed being scared and worried that someone was going to harm them because of Griswold's report to the authorities regarding Plaintiff.

Sheriff Clardy, as a law enforcement officer whose job is to serve and protect the public and to investigate alleged crimes, posted information on Facebook. The Plaintiff's proposed Second Amended Complaint seeks to add Sheriff Clardy, individually, as a defendant for the alleged republishing of the information obtained in the May 11, 2024 communication with Griswold. [*see* Dkt. 105-3, ¶¶ 38-40, 67-73, 83-86, Plaintiff's proposed Second Amended Complaint].

It is against this backdrop that Plaintiff requests leave to file his Second Amended Complaint, [Dkt. 105] to sue his alleged victim to try and force his silence or recantation, as well as to retaliate against Sheriff Clardy for simply trying to do his job.

## II. Standard of Review

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings generally. The United States Court of Appeals for the Tenth Circuit has adopted a liberal standard when determining when leave to amend a pleading should be granted. *Martinez v. Cornell Corr. of Tex., Inc.*, 229 F.R.D. 236, 238 (D.N.M. 2005). As this Court has explained, "[t]his liberal approach reinforces the basic principal that pleadings should enable a claim to be heard on its

merits and not decided on procedural details." *Bank of Jackson Hole v. Cook GS Inv. Partners, LP*, No. 14-CV-234-R, 2016 WL 9450459, at *2 (D. Wyo. July 13, 2016). The decision of granting leave to amend is within the discretion of the trial court and shall be freely given when justice so requires. Fed. R. Civ. P. 15(a); *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1584–85 (10th Cir. 1993). That being said, a district court may, in its discretion, deny a motion to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); see also *N. Arapaho Trive v. Ashe*, 11-cv-347-ABJ, 2013 WL 765675, *1 (D.Wyo. Feb. 28, 2013)

### III. Discussion

Plaintiff seeks leave to file his second amended complaint to add new parties and new claims against them. "The decision whether to grant a motion to amend the pleadings to add an additional party is generally left to the sound discretion of the district court." *Schepp v. Fremont Cnty.*, Wyo., 900 F.2d 1448, 1451 (10th Cir. 1990) (citing *Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1274 (10th Cir. 1989)). However, the Court is justified in denying a motion for leave to amend a complaint if the proposed amendment is futile. *See Bylin*, 568 F.3d at 1229. Further, when a plaintiff seeks to add new parties to a lawsuit, Rule 15(c)(3) requires the plaintiff to establish three requirements: (1) the claim being asserted against the new defendant must arise out of the same conduct, transaction, or occurrence outlined in the original pleading; (2) the new defendant must receive timely notice of the claims in the original pleading, so that the new defendant is not prejudiced, and (3) the new defendant knew or should have known that "but

for a mistake concerning the identity of the proper party" it should have been named in the original pleading. *Olech v. Village of Willowbrook,* 138 F.Supp.2d 1036, 1314 (N.D.Ill.2000).

**A. Plaintiff's Motion for leave to file Second Amended Complaint falls under Rule 15 of the Federal Rules of Civil Procedure.**

Plaintiff'' proposed Second Amended Complaint does not merely amend his Complaint and Amended Complaint to clarify any facts or assert a new allegation against the Defendants named in the original Complaint, i.e. Sheriff Clardy in his official capacity and Captain Manning in her individual capacity. Instead, Plaintiff seeks to add new claims against new parties. Pursuant to Rule 15, the Court must evaluate the Plaintiff's Motion within the context of Rule 15 to determine whether the amendment should be allowed.

**B. Plaintiff's Motion for leave to file Second Amended Complaint is futile because his claims against the additional parties are barred by the applicable statute of limitations and Plaintiff has failed to satisfy the requirements of F.R.C.P. 15.**

While Rule 15(a)(2) requires leave to amend be freely given, the United States Supreme Court has declared that this requirement is not applicable when the "futility of amendment" is "apparent." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); see also *Mountain View Pharm. v. Abbott Labs.*, 630 F.2d 1383, 1389 (10th Cir. 1980). A district court is "clearly justified in denying the motion to amend if the proposed amendment could not have withstood a motion to dismiss or otherwise failed a state a claim." *Id.* (citing *Foman*, 371 U.S. at 182, 83 S.Ct. at 230; *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989); *Glick v. Koenig*, 766 F.2d 265, 269 (7th Cir. 1985); *DeLoach v. Woodley*, 405 F.2d 496, 497 (5th Cir. 1968); *see also* 6 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1487, pp. 432-433 (1971)). Further, "[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239-

1240 (10th Cir. 2001) (citations omitted) (emphases added); *see also E.Spire Commc'ns, Inc. v. N.M. Pub. Regulation Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004) (citations omitted).

Rule 15(c)(1)(C) governs whether claims against "added" parties relate back to the original pleading. *See Hastings v. Orthopaedics of Jackson Hole, P.C.*, 2014 WL 11474791, *3 (D.Wyo. 2014) (citing *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010)). It reads:

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
> (B) the amendment asserts a claim or defense that ***arose out of the conduct, transaction, or occurrence*** set out--or attempted to be set out--***in the original pleading***; or
>
> (C) the amendment ***changes the party or the naming of the party against whom a claim is asserted***, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in amendment:
>
>     (i)    ***received such notice of the action that it will not be prejudiced in defending on the merits;*** and
>     (ii)   knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED.R.CIV.P. 15(c)(1)(C) (emphasis added). "The relation back doctrine is intended to address the problem of mistaken identity, not missed opportunity." David F. Herr & Steven BaickerMcKee, Federal Litiagtor, 30 NO. 10 FED. LITIGATOR NL 5, *Relation Back – Joinder of New Parties* (October 2015). "Although Rule 15(c) applies to all pleading amendments that satisfy its requirements, the doctrine of relation back is of importance primarily in the context of amendments with leave of court under Rule 15(a) when the statute of limitations is implicated." 6A Wright, Miller, Kane, FED. PRAC. & PROC. CIV. 2d § 1496, p. 64 (2007). "Plaintiffs have the burden of proving entitlement to the relation back of the amended complaint." *Walker v. JTM Equip., Inc.*, 2018 WL 11414570, *40 (D.Wyo. 2018) (citation omitted).

Here, it is evident that Plaintiff's newly asserted claims against the proposed defendants Sheriff Clardy individually and Griswold do not relate back to the original and amended complaints as the amendment asserts a claim that did not arise out of the conduct, transaction, or occurrence set out in the original or amended pleading. The original and amended complaint were the result of the June 18, 2022, communication between Captain Manning and Bray. Whereas the proposed second amended complaint arises out of the May 10, 2024, communication between Griswold and Sheriff Clardy and Captain Manning. These were two communications were two separate "conducts, transactions, and occurrences" and thus the allegations based on the May 10, 2024, communications cannot relate back to the original and amended complaint therefore Plaintiff's filing of his proposed Second Amended Complaint would be futile. Plaintiff has failed to satisfy Rule 15 and his motion should be denied.

Further, the Plaintiff request fails under Rule 15(1)(c)(1), as he is attempting to add parties to the lawsuit that did not receive such notice of the allegations that Plaintiff intends to bring against them which would cause them to be prejudiced in defending on the merits. Although Sheriff Clardy is a defendant in the original complaint, it is in his official capacity, and the proposed Second Amended Complaint seeks to impose personal liability on Sheriff Clardy as an individual defendant for an alleged incident that took place two years subsequent to the alleged incident in the original and amended complaint. Therefore, he could not have been on notice of these new allegations as a defendant in the original and amended complaint. Thus, allowing Plaintiff to add Sheriff Clardy individually to this lawsuit would prejudice him in defending on the merits. The same reasoning applies to Griswold. Griswold was not a party defendant in the original and amended complaint, therefore he did not receive notice of the allegations to which Plaintiff

intends to bring against him. Allowing Plaintiff to add him as a party defendant would cause him prejudice in defending on the merits.

**C. Plaintiffs' motivation for seeking to add additional parties is improper**

Plaintiff's motivation to add Sheriff Clardy and Griswold is improper based on the factual history of Plaintiff's relationship with these two individuals. As to Sheriff Clardy Plaintiff's improper motivation stems from his attempt to silence Sheriff Clardy through civil litigation to keep him from carrying out his duties as the Sheriff of McCurtain County, which could possibly implicate Plaintiff in a crime to which he has found himself as a target based on the May 11, 2024, communication. The public certainly has an interest that officials of government be entitled to exercise their duties unembarrassed by the fear of damage suits arising from acts done in the course of those duties. In that way, the officials will be free to administer fearlessly and vigorously the policies of government and to communicate freely with the public.

As to Griswold, the Plaintiff's improper motivation stems from his attempt to silence Griswold in order to quash him from speaking out regarding the alleged injury he has suffered. Based on these facts, Plaintiff's motivation to add Sheriff Clardy and Griswold is improperly motivated and Plaintiff's Motion should be denied.

**IV. Conclusion**

The Plaintiff has sought to file a Second Amended Complaint past the statute of limitations but is prohibited from doing so under Rule 15 as his allegations do not "relate back" to the original and amended complaint because the allegations he intends to add did not arise out of the same transaction, conduct, or occurrence as the original and amended complaint, therefore filing his Second Amended Complaint is futile. Further, Plaintiff seeks to add Sheriff Clardy and Griswold as party defendants, and they were not given the opportunity to be provided notice of these

allegations in the original or amended complaints therefore they would be prejudiced in defending on the merits. Lastly, Plaintiff's motivation to add these new parties and claims is improper. Defendant requests this Court to deny Plaintiff's Motion for leave to file Second Amended Complaint as the filing of the Second Amended Complaint is futile, based on the foregoing reasons. Defendant Manning also adopts the arguments and authorities set forth in Co-Defendant Clardy's response. (Dkt. 108).

WHEREFORE, Defendant Manning requests the Court deny Plaintiffs' Motion for Leave to File Second Amended Complaint.

Respectfully submitted,

/s/ Scott B. Wood
Scott B. Wood, OBA 12536
WOOD, PUHL & WOOD, P.L.L.C.
4037 E. 49th Street
Tulsa, Oklahoma 74105
*Tel* (918) 742-0808 / *Fax* (918) 742-0812
okcoplaw@aol.com
*Attorneys for Defendant Alicia Manning, in her individual capacity*

**CERTIFICATE OF SERVICE**

This is to certify that on July 3, 2024, I electronically transmitted the foregoing document to the following ECF registrants:

Christin J. Jones
Maeghan E. Whitehead
KILPATRICK TOWNSEND & STOCKTON, LLP
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
cramey@kilpatricktownsend.com
krodine@kilpatricktownsend.com
cjones@kilpatricktownsend.com
mewhitehead@kilpatricktownsend.com

Chris Collins
Howard T. Morrow
Jordan L. Miller
COLLINS ZORN & WAGNER, P.L.L.C.
429 N.E. 50th Street, Second Floor
Oklahoma City, OK 73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
E-mail: htm@czwlaw.com
jlm@czwlaw.com

                                      /s/ Scott B. Wood