UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER LEE WILLINGHAM,           ) | |
|                                                  Plaintiff,           ) | |
| v.                                                                ) | Case No. CIV-23-082-JAR |
| SHERIFF KEVIN CLARDY, in his                  ) official and individual                                   ) capacities; ALICIA MANNING,                 ) in her individual capacity;                          ) and JOSHUA DALE RICHARDS,             ) a/k/a FARLEY JOSH GRISWOLD,        ) | |
|                                                Defendants.       ) | |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Alternative Service (Docket Entry No. 125). Plaintiff seeks to serve Defendant Joshua Dale Richards by alternative means – in this instance, by personally serving Defendant Richards' mother. The currently served Defendants do not object to the request.

Service of the summons and complaint under the Federal Rules of Civil Procedure is permitted by following the state law of the state "where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under the applicable service statute in Oklahoma state law, service can be made by "other methods" when "service cannot be made by personal delivery or by mail." Okla. Stat. tit. 12 § 2004(C)(6).

Plaintiff has attempted personal service upon Defendant Richards by employing the services of a private investigator as well as multiple process servers to no avail. Plaintiff's counsel has attempted to contact this Defendant by various e-mail addresses and telephone numbers which have been associated with Defendant Richards without success in reaching him. Plaintiff's

counsel also attempted to contact Defendant Richards through his businesses without positive results. Plaintiff's process server was able to make contact with Defendant Richards' mother who stated he was on the road and working and she could not contact him. At one time, Defendant Richards lived with his mother. Plaintiff's counsel suspects she knows his whereabouts but will not assist in accomplishing service upon him.

Plaintiff has demonstrated that he has exhausted all typical methods of service authorized by law upon Defendant Richards. A defendant should not be able to evade service by simply disappearing. Accordingly, this Court will permit unconventional service upon Defendant Richards by "other means" as authorized by Oklahoma law.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Alternative Service (Docket Entry No. 125) is hereby **GRANTED**. Plaintiff shall effectuate service of the summons and latest Complaint upon Defendant Joshua Dale Richards a/k/a Farley Josh Griswold by the following means:

1) personally serve Defendant Richards' mother;
2) serve by e-mail all e-mail addresses associated with Defendant Richards personally and his known businesses;
3) serve all known physical and mailing addresses associated with Defendant Richards personally and his known businesses by first class mail; and
4) serve by publication in all communities where Defendant Richards was known by Plaintiff's counsel to live in a publication of general circulation in accordance with Okla. Stat. tit. 12 § 2004(C)(3).

Thereafter, Plaintiff shall file a certificate of service verifying the date the methods of service outlined herein were completed within five (5) days of their completion.

IT IS SO ORDERED this 31st day of December, 2024.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE